UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MONTY BAUCH, individually and as natural parent and next friend of O.B. his minor child, et al., ) ) ) | CASE NO. 1:14CV2765 |
| Plaintiffs, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) ) | OPINION AND ORDER |
| RICHLAND COUNTY CHILDREN SERVICES, et al., ) ) ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #238) of Defendant Richland County Children Services ("RCCS") for Judgment on the Pleadings. For the following reasons, the Motion is denied.

**I. FACTUAL BACKGROUND**

This lawsuit arises out of the alleged wrongful removal by RCCS, on January 20, 2011, of a four-year old child, O.B., from her father's home based upon allegations of sexual abuse and neglect. The allegations of sexual abuse were never substantiated; yet, O.B. remained separated from her father for three years. Plaintiffs claim that RCCS violated its

internal policies, state law and the United States Constitution when investigating O.B.'s case, securing the removal of O.B. from her home, and keeping O.B. from her father for an inordinately long time.

In its Motion, RCCS argues that the state law claims for Negligent Training, Supervision and Retention are not viable because RCCS, as a political subdivision, is immune as a matter of law under R.C. § 2744.02(A). Further, RCCS asserts that the derivative Loss of Consortium claim also must fail. Plaintiffs contend that RCCS can be held liable by operation of the exception in R.C. § 2744.03(A)(5).

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(c) Standard of Review

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original). Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of

law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

There is no dispute that RCCS is a political subdivision and that the operation of a children's services agency is a governmental function pursuant to R.C. § 2744.01(C)(2)(o).

R.C. § 2744.02(A)(1) provides that " a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

A political subdivision may be liable if one of the R.C. § 2744.02(B)(1-5) exceptions applies, involving (1) operation of a motor vehicle; (2) a proprietary function; (3) public roads; (4) building defects; or (5) where liability is expressly imposed. The Court agrees with Defendant that none of these exceptions is implicated here.

Defendant continues that if statutory immunity bars RCCS's liability, then the derivative state-law Loss of Consortium claim also cannot lie.

Plaintiffs respond by referring the Court to R.C. § 2744.03, which outlines a number of defenses and immunities a political subdivision may assert to establish nonliability. However, Plaintiffs assert that the most relevant subsection, R.C. § 2744.03(A)(5), provides for immunity but with a proviso:

> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, ***personnel***, facilities, and other resources ***unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.*** (Emphasis added).

In their Second Amended Complaint, Plaintiffs allege that "Defendant RCCS failed to properly train its employees, agents, and counselors to handle complaints of child sexual

abuse and to properly investigate such claims." (ECF DKT #123-1, ¶ 154). The training offered by Defendant RCCS "directed its employees, agents, and counselors to accept all such complaints, no matter how spurious, as true." *Id*. "Defendant RCCS's training of its employees, agents, and counselors was not adequate for the tasks these employees were required to perform." (*Id*. at ¶ 155). "The actions of all RCCS Defendants were willful, wanton, malicious and completely outrageous in a civilized society so as to demonstrate that they were wholly incompetent . . ." (*Id*. at ¶ 158). Despite actual or constructive knowledge, Defendant RCCS "retained these incompetent employees, agents, and counsels [sic] and continued to encourage and aid their wrongful conduct." (*Id*. at ¶ 159).

The Court is required to take all of Plaintiffs' allegations as true; and furthermore, cannot ignore the allegations Plaintiffs put forward at the summary judgment stage almost a year and a half ago concerning one RCCS employee:

> Plaintiffs complain that Jason Kline, who was assigned by RCCS to implement the case plan for O.B., was utterly unqualified per R.C. § 5153.112. His implementation of O.B.'s case plan was deficient because he lacked sufficient human services education and experience. He was hired though he had only an English degree and prior employment as a copy editor. His lack of qualifications contributed to the length of time that O.B. and her father were separated and caused them grievous injury. (3/31/17 Opinion and Order, ECF DKT #226 at 15).

The facts and conduct alleged against Defendant RCCS create a question for the jury whether RCCS's judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. A political subdivision, like RCCS, may be held liable, under R.C. § 2744.03(A)(5) if its hiring or retention of employees demonstrates malice or bad faith, or if it rises to the level of wantonness or recklessness. See *Moore v. Honican*, 194 Ohio App. 3d 135 (Hamilton County App. 2011).

If the state-law Negligent Training, Supervision and Retention Claim can be maintained, then the state-law Loss of Consortium also survives.

### III. CONCLUSION

Therefore, for these reasons, the Motion (ECF DKT #238) of Defendant Richland County Children Services ("RCCS") for Judgment is denied.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: September 10, 2018**