**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MONTY BAUCH, individually and as natural parent and next friend of O.B. his minor child, et al.,** ) ) ) | **CASE NO. 1:14CV2765** |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **RICHLAND COUNTY CHILDREN SERVICES, et al.,** ) ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #249) of Defendant Richland County Children Services ("RCCS") to Amend or Alter Judgment. For the following reasons, the Motion is granted in part.

**I. BACKGROUND**

This lawsuit arises out of the alleged wrongful removal by RCCS, on January 20, 2011, of a four-year old child, O.B., from her father's home based upon allegations of sexual abuse and neglect. The allegations of sexual abuse were never substantiated; yet, O.B. remained separated from her father for three years. Plaintiffs claim that RCCS violated its internal policies, state law and the United States Constitution when investigating O.B.'s case,

securing the removal of O.B. from her home, and keeping O.B. from her father for an inordinately long time.

RCCS moved for judgment on the pleadings (ECF DKT #238), arguing that the state law claims for Negligent Training, Supervision and Retention are not viable because RCCS, as a political subdivision, is immune as a matter of law under R.C. § 2744.02(A). Further, RCCS asserted that the derivative Loss of Consortium claim also must fail.

In its Order of September 10, 2018 (ECF DKT #238), the Court ruled that RCCS could be held liable by operation of the exception in R.C. § 2744.03(A)(5).

## II. LAW AND ANALYSIS

In its Motion to Amend or Alter Judgment, RCCS rightfully points out that if § 2744 immunity applies, and if none of the exceptions in § 2744.02(B)(1-5) is appropriate, the Court's analysis must cease and RCCS cannot be held liable for state law claims of Negligent Training, Supervision and Retention. The Court agrees that, contrary to its earlier decision, § 2744.03 (A)(5) cannot be used to establish liability.

RCCS also asks the Court to reconsider and find that Plaintiffs' state law Loss of Consortium claim must fall along with the state law claims of Negligent Training, Supervision and Retention. In this regard, the Court disagrees.

The Court determines that Plaintiffs' Loss of Consortium claim arises *alongside* the federal § 1983 claim. Ohio authorizes a separate claim for loss of consortium and the Court may exercise supplemental pendent jurisdiction pursuant to 28 U.S.C. § 1367. *See Boyer v. Lacy*, 665 F.App'x 476 (6th Cir. 2016); *Lee v. City of Norwalk*, No. 3:11CV897, 2012 WL 3778975 (N.D.Ohio Western Division Aug. 30, 2012).

## III. CONCLUSION

Therefore, the Motion (ECF DKT #249) of Defendant Richland County Children Services ("RCCS") to Amend or Alter Judgment is granted in part. Plaintiffs' state law Negligent Training, Supervision and Retention claims are dismissed because RCCS is immune under § 2744, but Plaintiffs' state law Loss of Consortium claim remains pending for further adjudication.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: September 28, 2018**